UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,     CASE NO. 10-CR-20505

v.     MAGISTRATE JUDGE CHARLES E. BINDER

CHAD B. GILBERT,
and THERESA L. GILBERT,

    *Defendants.*
_____/

**ORDER ON PETITION FOR CLARIFICATION AND OBJECTION**
(Docs. 22, 23)
**AND SETTING BRIEFING SCHEDULE**

**I.     INTRODUCTION**

    Defendants Chad and Theresa Gilbert were charged by Information on August 19, 2010.

The Information states:

> Chad B. Gilbert and Theresa L. Gilbert, aided and abetted each other, knowingly embezzled and converted to their own use, and without authority sold, conveyed and disposed of, money and things of value of the United States and the U.S. Department of Agriculture, in that, after Chad B. Gilbert and Theresa L. Gilbert gave the United States a security interest in collateral to obtain funds from the U.S. Department of Agriculture, Chad B. Gilbert sold the collateral without the consent of the U.S. Department of Agriculture, and Chad B. Gilbert and Theresa L. Gilbert used the proceeds of the sale for purposes other than to pay their indebtedness to the United States, thereby embezzling and converting the money and things of value of the United States to their own use, all in violation of 18 U.S.C. §§ 641 and 2.

(Doc. 1.)  Both defendants signed and filed consents to proceed before this magistrate judge.

(Docs. 2, 4.)

    On September 10, 2010, Defendant Chad Gilbert entered into a plea agreement with the

government (Doc. 8) and on September 29, 2010, Defendant Theresa Gilbert entered into a plea

agreement with the government. (Doc. 17.) Chad Gilbert pleaded guilty to the sole count in the Information on September 10, 2010, and Theresa Gilbert pleaded guilty to the sole count in the Information on September 29, 2010. At the plea hearings, the Rule 11 plea agreements were taken under advisement and the cases were referred for pre-sentence reports.

On December 14, 2010, the Court entered an order cancelling the sentencing hearings and requiring briefing by the parties. (Doc. 21.) The Court noted that "questions have arisen as to whether the statute cited in the Information, 18 U.S.C. § 641 ("section 641"), properly applies to the offense conduct." (*Id.*) The court also referred the parties to 18 U.S.C. § 658. The government thereafter filed a petition for clarification (Doc. 22) and an objection (Doc. 23) to the Court's order for briefing.

The Order (Doc. 21) erroneously included standard language regarding review of orders entered by magistrate judges when proceeding under district court reference orders. As pointed out by the government's objection (Doc. 23), since the defendants in this case consented to proceed before a magistrate judge, there is no such review process available and the objection is therefore moot. Accordingly, the objection (Doc. 23) will be considered a nullity and the remainder of this order will address the petition for clarification only.

## II.   CLARIFICATION

### A.   Court's continuing obligation to determine whether a factual basis exists

Although the government contends that the Court's acceptance of the defendants' guilty pleas concluded the factual basis question (Doc. 22), the obligation to determine a proper factual basis persists until judgment is entered. Under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, "[b]efore entering judgment on a guilty plea, the court must determine that there is a

2

factual basis for the plea." In applying Rule 11(b)(3), the court "should make the factual basis determination '[b]efore *entering judgment on a guilty plea*' – not, as in other subsections of Rule 11, 'before *accepting* a plea.'" *United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010) (emphasis in original; citations omitted). Therefore, even though guilty pleas have been accepted, this Court's obligations "continue until it has entered judgment." *United States v. Smith*, 160 F.3d 117, 121 (2nd Cir. 1998). "The rule is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *United States v. Adams*, 448 F.3d 492, 499-500 (2nd Cir. 2006) (citations omitted). Thus, a court "must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Smith*, 160 F.3d at 121 (citations omitted).

In determining whether a sufficient factual basis exists, courts may look to a defendant's own admissions along with answers provided by counsel for the defendant or the government, the presentence report, the Rule 11 plea agreement or whatever means are appropriate in any specific case. *Id.*; *accord Mobley, supra; United States v. Baez*, 87 F.3d 805, 810 (6th Cir. 1996) (finding sufficient factual basis where defendant agreed to proper factual basis stated in Rule 11 plea agreement).[1] "If [the court] decides there was no factual basis for a guilty plea after accepting it, the court should vacate the plea and enter a plea of not guilty on behalf of the defendant." *Smith*, 160 F.3d at 121.

---

[1] I note that this conclusion is also supported by Fed. R. Crim. P. 11(c)(3)(A), which states that plea agreements of the type used in this case may be accepted, rejected, or the decision may be deferred until the court has reviewed the presentence report.

**B.   Factual Basis for the Pleas**[2]

18 U.S.C. § 641 provides as follows:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his own use or gain, knowing it to have been embezzled, stolen, purloined or converted – Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one years, or both.

The elements of this charge are: "(1) that the money or property belonged to the government"; (2) "that the defendant fraudulently appropriated the money or property to his own use or the use of others"; and (3) "that the defendant did so knowingly and willfully with an intent to either temporarily or permanently deprive the owner of the use of the money or property." *United States v. McKee*, 7 F.3d 976, 980 (11th Cir. 1993). At issue in this case is the first element.

If the money or property at issue does not belong to the government, prosecution under section 641 is improper. *U.S. v. Hartec Enterprises, Inc.*, 967 F.2d 130 (5th Cir. 1992) (convictions under section 641 reversed where "it was unjust to convict defendants in the instant case of 'stealing' property that the government did not own"); *U.S. v. Ribas Dominicci*, 899 F. Supp. 42 (D.P.R. 1995) (defendant could not be prosecuted under section 641 because the government did not have, at the time of their transfer to third parties, rightful title to and ownership of trousers manufactured under government contract so as to render them "things of value" of the

---

[2] Defendants are also charged under 18 U.S.C. § 2 which provides that aiders and abettors will be punished as principals. This order will focus on the substantive statute charged.

United States). The money or property must have belonged to the government because section 641 codified the common law crimes of larceny and embezzlement and requires the same elements as its common law predecessors. *Morrisette v. United States*, 342 U.S. 266, n.28, 72 S. Ct. 240, 96 L. Ed. 288 (1952); *United States v. Donato-Morales*, 382 F.3d 42, 47 (1st Cir. 2004). Embezzlement is the fraudulent conversion of *the property of another* by one who is already in possession of it. *In Re Sherman*, 603 F.3d 11, 13 (1st Cir. 2010). Larceny is the trespassory taking and carrying away of *the personal property of another* with the intent to steal it. *United States v. Peterson*, 394 F.3d 98, 106 (2nd Cir. 2005).

In the instant case, the defendants received a loan from the U.S. Department of Agriculture and the "loan was secured by collateral, primarily cattle, pledged to the United States." (Plea Agreements, Doc. 8 at 2 (Chad); Doc. 17 at 2 (Theresa as an aider and abettor)). The Information specifically states that Defendants "gave the United States a security interest in collateral." (Doc. 1 at 1.) Defendants then allegedly "sold the collateral, knowing that [they] did not have permission from the government to do so," and failed to "us[e] the money to pay their financial obligation to the government." (Doc. 8 at 2; Doc 17 at 2.)

Several courts have held that a security interest is not a "thing of value of the United States" for purposes of a conviction for conversion of government property under section 641. *United States v. Howard*, 30 F.3d 871 (7th Cir. 1994) (security interest in insurance proceeds was not a "thing of value of the United States" and therefore defendant could not be convicted under section 641 of converting government property based on depositing insurance check into his personal account); *United States v. Tana*, 618 F. Supp. 1393 (S.D.N.Y. 1985) (a security interest is not a "thing of value of the United States" and therefore defendant's prosecution for conversion of

business equipment pledged to government as collateral for loan was improper under section 641 and indictment was dismissed).

The Court therefore will order the parties to brief the issues of whether the conduct in this case of "[selling] the collateral without the consent of the U.S. Department of Agriculture" (Doc. 1 at 1) constitutes embezzlement or conversion of a "thing of value of the United States" in violation of section 641 and whether "us[ing] the proceeds of the sale for purposes other than to pay their indebtedness to the United States" (Doc. 1 at 1) constitutes embezzlement or conversion of "money or a thing of value of the United States" in violation of section 641.

### III. ORDER

The government's Petition for Clarification is **GRANTED**. The government and counsel for Defendant shall each file an initial brief on the issues set forth above no later than **January 21, 2011**. The parties may file responses, if they so choose, and those response briefs shall be due on **January 28, 2011**. The parties are assured that this issue will then be addressed promptly by the Court so that the case may move forward as expeditiously as possible.

s/ *Charles E Binder*
CHARLES E. BINDER
Dated: January 14, 2011         United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, and electronically served on Janet Parker, Robert Dunn and Eric Proschek.

Date: January 14, 2011        By    s/*Jean L. Broucek*
                              Case Manager to Magistrate Judge Binder